## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF**<br><br>**GLADYS F. JACKSON**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.    Plaintiff, Gladys F. Jackson, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.    Plaintiff, Gladys F. Jackson, is a resident and citizen of the State of Florida and claims damages as set forth below.

3.    Jurisdiction is proper based upon diversity of Citizenship.

4.    Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the Middle District of Florida.

5.    Plaintiff brings this action on behalf of herself.

## FACTUAL ALLEGATIONS

6.      On or about July 18, 2012, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of her right total hip arthroplasty ("THA") revision at Florida Hospital Carrollwood, in Tampa, Florida, by Dr. Steven T. Lyons.

7.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was not identified.

8.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement procedure on July 20, 2012, at Florida Hospital Carrollwood, in Tampa, Florida, by Dr. Steven T. Lyons.

## ALLEGATIONS AS TO INJURIES

9.      (a) Plaintiff claims damages as a result of:

__X__      INJURY TO HERSELF/HIMSELF

_____      INJURY TO THE PERSON REPRESENTED

_____      WRONGFUL DEATH

_____      SURVIVORSHIP ACTION

__X__      ECONOMIC LOSS

(b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

10.    The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

**X**            FIRST CAUSE OF ACTION - NEGLIGENCE;

**X**            SECOND CAUSE OF ACTION - STRICT LIABILITY;

   **X**         FAILURE TO WARN

   **X**         DEFECTIVE DESIGN AND MANUFACTURE

**X**            THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

**X**            FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF FLORIDA, FLA. STAT. § 672.314;

**X**            FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

**X**            SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

**X**            SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

**X**            EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

__X___     NINTH CAUSE OF ACTION- CONSUMER FRAUD

        AND/OR UNFAIR AND DECEPTIVE TRADE

        PRACTICES UNDER LAW OF THE STATE OF

        FLORIDA, FLA. STAT. § 501.001, ET SEQ.;

__X___     TENTH CAUSE OF ACTION – NEGLIGENT

        MISREPRESENTATION;

__X___     ELEVENTH CAUSE OF ACTION- FRAUDULENT

        MISREPRESENTATION;

__X___     TWELFTH CAUSE OF ACTION – FRAUDULENT

        CONCEALMENT;

__ ___     THIRTEENTH CAUSE OF ACTION – LOSS OF

        CONSORTIUM;

__X___     FOURTEENTH CAUSE OF ACTION – UNJUST

        ENRICHMENT; and

__X___     FIFTEENTH CAUSE OF ACTION – PUNITIVE

        DAMAGES.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6.  Equitable relief in the nature of disgorgement;

7.  Restitution of remedy Defendants' unjust enrichment;

8.  Punitive damages; and

9.  All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.


Dated: June 18, 2019

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd., Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF